**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**JS6**

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 23-531-JFW(MAAx)**                                   Date:  April 10, 2023

Title:        Nelda Sanchez -v- Vanderlande Industries, Inc., et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

    Shannon Reilly                              None Present
    Courtroom Deputy                         Court Reporter


**ATTORNEYS PRESENT FOR PLAINTIFFS:**       **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                None

**PROCEEDINGS (IN CHAMBERS):**         **ORDER GRANTING PLAINTIFF'S MOTION FOR**
                                        **ORDER REMANDING ACTION TO STATE COURT [filed**
                                        **2/23/23; Docket No.20]**

        On February 23, 2023, Plaintiff Nelda Sanchez ("Plaintiff") filed a Motion for Order
Remanding Action to State Court ("Motion").  On March 6, 2023, Defendant Vanderlande
Industries, Inc. ("Defendant") filed its Opposition.  On March 13, 2023, Plaintiff filed a Reply.
Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found
the matter appropriate for submission on the papers without oral argument.  The matter was,
therefore, removed from the Courts March 27, 2023 hearing calendar and the parties were given
advance notice.  After considering the moving, opposing, and reply papers, and the arguments
therein, the Court rules as follows:

**I. Factual and Procedural Background**

        On October 19, 2022, Plaintiff, on behalf of herself and all others similarly situated, filed a
Class Action Complaint ("Complaint") against Defendant in Los Angeles Superior Court, alleging
causes of action for: (1) Failure to Pay Overtime Wages; (2) Failure to Pay Minimum Wages; (3)
Failure to Provide Meal Periods; (4) Failure to Provide Rest Periods; (5) Waiting Time Penalties;
(6) Wage Statement Violations; (7) Failure to Indemnify; (8) Failure to Timely Pay Wages; (9)
Violation of Labor Code  227.3; (10) Violation of the Fair Credit Reporting Act; (11) Violation of
the California Investigative Consumer Reporting Agencies Act; (12) Violation of the Consumer
Credit Reporting Agencies Act; and (13) Unfair Competition.

        On January 24, 2023, Defendant removed this action, alleging that this Court has
jurisdiction pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA").

Initials of Deputy Clerk  sr

In her Motion, Plaintiff argues that the amount in controversy does not exceed $5,000,000, and moves to remand this action to Los Angeles Superior Court.  In its Opposition, Defendant argues that it has met its burden of demonstrating that at least $5,000,000 is in controversy.

## II. Legal Standard

### A. Removal Jurisdiction

Federal courts are courts of limited jurisdiction.  As a result, "[t]hey possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  In every federal case, the basis for federal jurisdiction must appear affirmatively from the record.  *See Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).  The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.  *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted).  Unless otherwise expressly provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court.  28 U.S.C. § 1441(a).

To remove an action to federal court under Section 1441(a), the removing defendant must demonstrate that original subject-matter jurisdiction lies in the federal courts.  *Syngenta*, 537 U.S. at 33.  In other words, the removing defendant bears the burden of establishing that removal is proper.  *See Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the longstanding, near-canonical rule that the burden on removal rests with the removing defendant).

### B. CAFA Jurisdiction

Under CAFA, the Court has original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which there is minimal diversity.  28 U.S.C. § 1332(d)(2).  The general rule is that a removing defendant's well-pleaded amount in controversy allegations should be accepted when not contested by the plaintiff or questioned by the court.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (holding that in determining the amount in controversy, courts first look to the complaint).

A plaintiff may either facially or factually contest the defendant's jurisdictional allegations.  *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964-65 (9th Cir. 2020).  Where a plaintiff mounts a facial attack, which accepts the allegations as true but asserts that they are insufficient on their face to invoke federal jurisdiction, the court need only determine whether the defendant has plausibly alleged the facts necessary to support removal.  *Id*. at 959, 964-65 (*quoting Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)).  Where a plaintiff mounts a factual attack, the court must determine by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.  *Harris v. KM Indus., Inc*., 980 F.3d 694, 699 (9th Cir. 2020).  Unlike a facial attack, a factual attack challenges the underlying factual bases of the jurisdictional allegations.  *Salter,* 974 F.3d at 964.  A plaintiff need not introduce evidence of its own to mount a factual attack.  *Harris,* 980 F.3d at 700.  A factual attack need only challenge the

truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence. *Id.*

The preponderance of the evidence standard means that the defendant must provide evidence establishing that it is more likely than not that the amount in controversy meets or exceeds the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The defendant must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). In addition to the contents of the notice of removal, the Court may consider summary-judgment-type evidence relevant to the amount in controversy at the time of removal, such as affidavits or declarations. *Ibarra*, 775 F.3d at 1197; *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). There is no presumption against removal jurisdiction in CAFA cases. *Dart Cherokee*, 574 U.S. at 89.

## III. Discussion

In her Motion, Plaintiff argues that this case should be remanded because Defendant has failed to establish that the amount in controversy exceeds $5,000,000. In order to decide Plaintiffs Motion, the Court must first determine if Plaintiff's arguments constitute a facial or factual attack on Defendants Notice of Removal. *Salter*, 974 F.3d at 964-65. Plaintiff argues that Defendant did not submit sufficient proof supporting its calculations of the amount in controversy, which constitutes a facial attack. *Id.* at 961. However, Plaintiff also objects to Defendant's assumed violation rates and argues that many of the assumptions made by Defendant are unreasonable and unsupported by evidence. Specifically, Plaintiff objects as unreasonable and unsupported Defendants assumptions that: (1) all Class Members missed at least three meal breaks and three rest breaks per workweek; (2) all Class Members worked shifts that were long enough to entitle them to at least three meal and rest periods per workweek; (3) Defendant failed to pay 100 percent of the Class Members who were terminated or resigned during the relevant time period the full amount of wages owed to them at termination or resignation; and (4) Defendant failed to comply with California Labor Code  226 (wage statement violations) 100 percent of the time. By challenging the factual basis of the assumptions underlying Defendant's calculations, Plaintiff has mounted a factual attack. *See Harris*, 980 F.3d at 700 (finding that the plaintiff mounted a factual attack where the plaintiff contested [the defendant]'s failure to demonstrate that all members of the Hourly Employee Class worked shifts long enough to qualify for meal and rest periods). Plaintiff does not need to put forward her own evidence to mount a factual attack and may do so by making a reasoned argument as to defendant's assumptions. *Id.* As a result, this Court must determine whether Defendant has satisfied its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.

In demonstrating that the amount in controversy exceeds $5,000,000, a defendant may rely on reasonable assumptions. *Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019). An assumption is reasonable when it is founded on the allegations of the complaint (*Id.* at 925), or has some reasonable ground underlying it. *Ibarra*, 775 F.3d at 1199. However, a defendant may not pull assumptions from thin air or establish removal jurisdiction by mere speculation and conjecture. *Id.* at 1197 and 1199.

In this case, Defendant submitted two declarations with its Notice of Removal – the

Declaration of Nicholas Lansdown and the Declaration of Claressa McDowell – and one declaration with its Opposition to Plaintiffs Motion – the Declaration of Celeste Thompson.[1]  In neither the Declaration of Nicholas Lansdown, an attorney at Littler Mendelson, nor the Declaration of Claressa McDowell, a paralegal in Defendants legal department, is there any discussion of how the amount in controversy was calculated or the basis for the assumptions made in calculating the amount in controversy.  Instead, in the Notice of Removal, Defendant simply asserts, without any factual basis, that the assumptions made and the numbers used in calculating the amount in controversy are "[b]ased on Defendants records" and "[b]ased on Defendants calculations."  Notice of Removal, ¶¶ 13 and 35.  In her declaration, Celeste Thompson ("Thompson"), the NA Compensation, Benefits and HRIS Manager for Defendant, states that Defendant: (1) employed approximately 375 non-exempt employees in California from August 16, 2018 through August 16, 2022; (2) since August 16, 2019, at least 162 of these non-exempt employees separated from employment with Defendant; (3) the average hourly rate of pay for Defendants current and former non-exempt California employees is $26,63 and the average rate of pay for those employees whose employment ended since August 16, 2019 is $26.97; and (4) Defendant has employed at least 217 full-time, non-exempt California employees from August 16, 2021 to August 16, 2022 for a total of 8,019 pay periods.  Declaration of Celeste Thompson, ¶¶ 1-7.  Thompson also states that she specifically reviewed Plaintiffs payroll records and concluded that Plaintiff worked a total of twenty-nine pay periods and that Plaintiff had one or more late or missed meals in sixteen of those twenty-nine pay periods.  Id., ¶¶ 8-10.

The Court concludes that this evidence fails to demonstrate that Defendant's calculations and assumptions regarding the amount in controversy are reasonable.  In her Complaint, Plaintiff defines the Class Members as "all other current and former non-exempt California employees employed by or formerly employed by Defendants."  Complaint, ¶ 1.  However, Plaintiff specifically alleges that the purported meal and rest break violations only occurred "at times" and that "at times" Plaintiff and Class Members were not compensated "on the occasions" that they were not provided their breaks.  Id., ¶¶ 58 and 66.  In addition, Plaintiff alleges that Defendant "failed at times . . . to pay Plaintiff and Class Members, or some of them, the full amount of their wages owed to them upon termination and/or resignation."  Id., ¶¶ 6 and 64.  Similarly, Plaintiff alleges that Defendant has "at times" failed to comply with California Labor Code section 226 (wage statement violations).  Id., ¶ 81.

Although Plaintiff's allegations support the assumption that all Class Members suffered injury during the putative Class Period, they do not support Defendant's assumptions that every Class Member missed at least three meal breaks and three rest breaks every week of the Class Period, or that Defendant failed to pay the Class Members who resigned or were terminated during the Class Period the full amount they were owed based on a 100 percent violation rate, or that Defendant violated California Labor Code  226 with respect to wage statements 100 percent of the time.  Indeed, not only are these assumptions unreasonable, but they are contradicted by the scant evidence offered by Defendant with its Opposition.  Instead, Defendant's evidence

---

[1]  Defendant also filed a Request for Judicial Notice with its Opposition.  Docket No. 22-1.  Most of the documents attached to the Request for Judicial Notice address the attorneys' fee award that Plaintiff's counsel has requested and/or received in various class actions.  Defendant's Request for Judicial Notice, which is unopposed, is granted.

Initials of Deputy Clerk  sr

demonstrated that, far from suffering three missed meal breaks each workweek, Plaintiff only missed meal breaks in sixteen of twenty-nine pay periods, and even during those pay periods, Plaintiff only missed "one or more" meal breaks. Although Defendant argues that Plaintiff's use of limiting language in the Complaint, such as "at times" and "on the occasions," with respect to who suffered the alleged wage and hour violations and the frequency of those alleged violations should be discounted, similar arguments that limiting language in class action complaints should be discounted have been routinely rejected by courts. *See, e.g., Gonzalez v. Randstand Professionals US, LLC*, 2022 WL 17081053, *3-*4 (C.D. Cal. Nov. 18, 2022) (holding that "[i]f one is going to assume a violation rate based on vague language in a complaint, then there is no basis for assuming that a 100% or 50%  or even 25%  violation rate is any more or less reasonable than a violation rate of once per week or once per month") (internal quotation omitted); *Duran v. Allegis Global Solutions, Inc.*, 2021 WL 3281073, at *3 (N.D. Cal. Aug. 2, 2021) (holding that the defendant's "assumption of a once-per-week incidence of overtime and minimum wage, and meal and rest break violations is even more arbitrary.  It would be just as consistent with the complaint to assume a frequency of once-per-month, or possibly once-per-quarter.  [Defendant] again did not provide any extrinsic evidence to tip the analysis in its direction, or point to anything in the complaint that might do so"); *Moore v. Dnata US Inflight Catering LLC*, 2021 WL 3033577, at *2 (N.D. Cal. July 19, 2021) ("[Defendant] did not provide any extrinsic evidence independently validating a 100% violation rate.  Its main argument is that the complaint leaves no room for assuming less than 100% . . . but that is rebutted by the plain language of the allegations. [Plaintiff] consistently alleges that [Defendant] acted at times and on occasion in a manner that violated California state employment laws . . . No numbers are attached to those qualifiers. [Plaintiff] also consistently alleges that the violations may have happened to only some of [Defendants] employees during the class period").

As a result, the Court concludes that there is no factual or evidentiary basis for Defendant's assumptions, and that all of Defendant's calculations rest on assumptions that are neither supported by evidence nor based on the allegations of the Complaint.  *See, e.g., Salazar v. Johnson and Johnson Consumer Inc.*, 2018 WL 4560683 (C.D. Cal. Sept. 19, 2018) (remanding action and finding that "Defendant sets forth no facts supporting their assumed violation rate of 20% (or even 5%), nor do Plaintiffs allegations of periodic violations point to this conclusion.  This arbitrary assumption does not permit the Court to find that Defendants have established by a preponderance of the evidence the amount in controversy for Plaintiffs meal and rests break claims"); *Altamirano v. Shaw Industries, Inc.*, 2013 WL 2950600 (N.D. Cal. June 14, 2013) (holding that with respect to waiting time penalties, a defendant may "assume a 100% violation rate only where such an assumption is supported directly by, or reasonably inferred from, the allegations in the complaint"); *Duran,*  2021 WL 3281073 (holding that the defendant's "assumption of a 20% violation rate for the wage statement claims is equally unavailing" as the defendant's assumptions on other wage and hour violations).

Moreover, a district court does not need to perform a detailed mathematical calculation of the amount in controversy before determining whether the defendant has satisfied its burden. *See Harris*, 980 F.3d at 701; *see also Marquez v. Southwire Co., LLC*, 2021 WL 2042727, *5 (C.D. Cal. May 21, 2021) (holding that the court will not propose a reasonable violation rate for the plaintiff's overtime and minimum wage claims, because "the court need only 'weigh the reasonableness of the removing party's assumptions, not supply further assumptions of its own'") (*quoting Harris*, 980 F.3d at 701).  The purpose of holding Defendant to the preponderance of the

Initials of Deputy Clerk _sr_

evidence standard in this context is "to ensure that CAFA's requirements are . . . tested by consideration of real evidence and the reality of what is at stake in the litigation." *Ibarra*, 775 F.3d at 1198. In this case, given Defendant's unsupported assumptions, the Court has no sense of "the reality of what is at stake" in this litigation. *Id*. Moreover, to the extent Defendant believes such reasoning is unfair, this Court, like many others in the Central District, agrees with an observation originally made by the Honorable George Wu:

> Faced with a vague pleading, it seems to this Court that the much-more-sensible route would be to try to pin Plaintiff down, in state court (with no one-year time-limit staring Defendants in the face), with respect to what the Complaint's allegations actually mean with respect to violation rates. Perhaps Defendants do this by serving interrogatories or requests for admission, perhaps by deposition, perhaps by moving for a more definite statement. Perhaps they simply get Plaintiff to identify what the violation rates would be for Plaintiff, and then use that information as a sample to extrapolate out the calculation for the entire class.

*Toribio v. ITT Aerospace Controls LLC*, 2019 WL 4254935, at *3 (C.D. Cal. Sept. 5, 2019) (concluding that "defendants in this type of litigation will either have to change their approach along the lines the Court has suggested above (take some discovery in the wealth of time CAFA affords to do so), the Ninth Circuit will have to reconsider *Ibarra* and tell district courts to accept whatever number a defendant can imagine, or the Supreme Court or (don't hold your breath) Congress will have to step in to clear up what has become a wasteful and silly, but routine, exercise in mathematical fantasyland"); ; *see also Peters v. TA Operating LLC*, 2023 WL 1070350 (C.D. Cal. Jan. 26, 2023) (granting motion to remand and "agree[ing] with" Judge Wu's observation); *Gonzalez*, 2022 WL 17081053, at *4 ("contin[uing] to agree with" Judge Wu's observation).

Accordingly, the Court concludes that Defendant has failed to demonstrate that the amount in controversy exceeds $5,000,000 by a preponderance of the evidence. *See, e.g., Marentes*, 2015 WL 756516, at *10 ("Because [defendant] fails to provide facts supporting the calculations, [defendant] has failed to carry the burden to demonstrate by a preponderance of the evidence that the amount of damages in controversy exceeds $5,000,000"); *see also Ibarra*, 775 F.3d at 1199 ("Because the complaint does not allege that [defendant] universally, on each and every shift, violates labor laws by not giving rest and meal breaks, [defendant] bears the burden to show that its estimated amount in controversy relied on reasonable assumptions").

## IV. Conclusion

For all the foregoing reasons, Plaintiffs Motion is **GRANTED**, and this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

Initials of Deputy Clerk _sr_